THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JOSE G.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,[1]<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:25-cv-00044-JCB<br><br><br><br>Magistrate Judge Jared C. Bennett |

**PROCEDURAL BACKGROUND**[2]

Plaintiff Jose G. ("Plaintiff") alleges disability due to various physical and mental impairments. Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act[3] and Supplemental Security Income under Title XVI of the Social Security Act[4] in February 2022.[5] Plaintiff's applications were denied initially[6] and upon reconsideration.[7] On October 19, 2023, Plaintiff appeared with counsel for a hearing before an Administrative Law

---

[1] Frank Bisignano is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted as the Defendant in this case. ECF No. 19.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 13.

[3] 42 U.S.C. §§ 401-434.

[4] *Id*. §§ 1381-1383f.

[5] ECF No. 15, Administrative Record ("AR ___") 635-48.

[6] AR 403-22.

[7] AR 423-44.

Judge ("ALJ").[8] The ALJ issued a written decision on December 20, 2023, denying Plaintiff's claims.[9] Plaintiff appealed the adverse ruling, and, on November 22, 2024, the Appeals Council denied his appeal,[10] making the ALJ's decision final for purposes of judicial review.[11] Plaintiff then filed suit in this court seeking review of Commissioner of Social Security Frank Bisignano's ("Commissioner") final decision.[12]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[13] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[14] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[15] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[16] "The failure to apply the correct

---

[8] AR 78-111.

[9] AR 15-37.

[10] AR 1-9.

[11] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[12] ECF No. 2.

[13] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation modified).

[14] 42 U.S.C. § 405(g).

[15] *Lax*, 489 F.3d at 1084 (citation modified).

[16] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (citation modified).

legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[17]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[18] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[19]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[20]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[21] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[22] Before considering step four,

---

[17] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified).

[18] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[19] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[20] *Williams*, 844 F.2d at 750-51 (citation modified); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[21] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[22] *Williams*, 844 F.2d at 751.

however, the ALJ must determine the claimant's residual functional capacity ("RFC").[23] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[24] In making this determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe.[25]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[26] "If the claimant is able to perform his previous work, he is not disabled."[27] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[28]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[29] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[30] If it is determined that the claimant "can make an

---

[23] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).
[24] *Id.* §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).
[25] *Id.* §§ 404.1545(a)(2), 416.945(a)(2).
[26] *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[27] *Williams*, 844 F.2d at 751.
[28] *Id.*
[29] *Id.*
[30] *Id.* (citation modified); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

adjustment to other work," he is not disabled.[31] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[32]

## ANALYSIS

Plaintiff contends that the ALJ erred in two ways. First, Plaintiff chides the ALJ for issuing a decision denying Plaintiff's disability claims before receiving additional medical records that Plaintiff was in the process of obtaining for nearly two months after the close of his ALJ hearing. Second, Plaintiff argues that the ALJ undervalued Plaintiff's testimony about the severity and intensity of his limitations. As shown in order below, both arguments fail to establish that the Commissioner's final decision is unsupported by substantial evidence.

I. **The ALJ Did not Err by Issuing the Decision Denying Plaintiff's Claims Before Receiving Plaintiff's Additional Medical Records.**

Plaintiff seeks to find error where none exists. Specifically, whether the ALJ should have considered Plaintiff's additional medical records before issuing the decision denying benefits is irrelevant on judicial review where, as here, the Appeals Council considered Plaintiff's new medical information and denied review.

For example, consider *Vallejo v. Berryhill*,[33] where the plaintiff informed the ALJ at the end of the hearing that she would submit a mental health opinion from her medical provider after the hearing was over.[34] The ALJ agreed to consider the forthcoming information if

---

[31] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[33] 849 F.3d 951 (10th Cir. 2017).

[34] *Id*. at 953.

received before the ALJ issued a decision.[35] The ALJ issued a decision denying the plaintiff's claim before the plaintiff produced the new medical records.[36]

The plaintiff then appealed the ALJ's decision to the Appeals Council and included the new medical information that the ALJ did not consider.[37] The Appeals Council denied review even though it had considered the plaintiff's additional evidence because that evidence did not provide a basis for changing the ALJ's decision.[38]

The plaintiff then sought judicial review of the Commissioner's final decision.[39] The district court reversed because the Appeals Council did not articulate an assessment of the new information in its denial decision.[40] But the Commissioner appealed to the United States Court of Appeals for the Tenth Circuit, which reversed the district court.[41] In so doing, the Tenth Circuit said, "The district court's only option was to conduct a substantial-evidence review [of the ALJ's decision] by assessing the entire agency record, including [the] never-before assessed opinion."[42]

*Vallejo* is dispositive here because like the plaintiff in that case, Plaintiff requested time to submit supplemental evidence to the ALJ at the October 19, 2023 hearing.[43] Almost two

---

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] *Id.*

[41] *Id.* at 956.

[42] *Id.*

[43] AR 758.

months later, the ALJ issued the decision adverse to Plaintiff without the benefit of Plaintiff's new information.[44] But Plaintiff sought review from the Appeals Council, which considered the additional evidence that the ALJ did not possess and denied review because the new information did not change the ALJ's decision.[45] Thus, under *Vallejo*, the court does not remand to the ALJ to consider the additional information but rather "conduct[s] a substantial-evidence review by assessing the entire agency record, including [the] never-before assessed opinion."[46] As shown below, the court has assessed the entire agency record, including the information the ALJ did not consider, and finds that the ALJ's decision is supported by substantial evidence.[47]

II. **Plaintiff Fails to Show that the ALJ's Decision is Not Supported by Substantial Evidence.**

Ironically, instead of arguing that the new medical information that only the Appeals Council considered undermined the ALJ's determination that Plaintiff is not disabled, Plaintiff contends only that the ALJ failed to devote adequate weight to Plaintiff's subjective

---

[44] AR 15-37.

[45] AR 1-2.

[46] *Vallejo*, 849 F.3d at 956.

[47] Despite the controlling authority in *Vallejo* as to how the court should consider the evidence the ALJ did not consider but the Appeals Council did, Plaintiff contends that the ALJ had a duty under 20 C.F.R. §§ 404.1512 and 416.912 to obtain all medical information before rendering a decision. Under those regulations, the Commissioner provides that "we will develop your complete medical history for at least the 12 months preceding the month in which you file your application [for disability benefits]." 20 C.F.R. §§ 404.1512(b)(1), 416.912(b)(1). The same regulations then repeat that the phrase "[c]omplete medical history means the records of your medical source(s) covering at least the 12 months preceding the month in which you file your application." *Id*. §§ 404.1512(b)(1)(ii), 416.912(b)(1)(ii). The new, post-hearing medical records that Plaintiff claims that ALJ failed to assess came into being *after* Plaintiff filed his applications for disability benefits. Thus, the ALJ did not violate 20 C.F.R. §§ 404.1512 and 416.912 by issuing a decision before receiving new records generated well after Plaintiff filed his applications for benefits.

self-assessment of his limitations. This request to reweigh the evidence is both improper and inconsistent with substantial evidence review. This court does not reweigh the evidence to determine whether the ALJ should have given more heft to a singular piece of evidence than the ALJ did.[48] Instead, when reviewing for substantial evidence, the court reviews the administrative record as a whole. After considering the entire administrative record, the court determines whether such evidence would "justify, if the trial were to a jury, a refusal to direct a verdict."[49] The ALJ specifically discussed Plaintiff's characterization of his limitations but then cited several places in the administrative record where objective medical evidence appears to undermine Plaintiff's subjective statements about the severity and intensity of his limitations.[50] If this case were tried to a jury, the court would submit this conflicting factual evidence for the jury to consider and render a verdict. The court could not direct a verdict in Plaintiff's favor based solely on his own testimony given the abundant medical records that are at odds with his self-assessment.[51] Consequently, the ALJ's decision is supported by substantial evidence.

---

[48] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) ("In reviewing the record to make the substantial evidence determination, [the court] may [neither] reweigh the evidence nor substitute [its] judgment for the Commissioner's." (citation modified)).

[49] *Universal Camera Corp. v. Nat'l Lab. Rels. Bd.*, 340 U.S. 474, 477 (1951) (citation modified); *see also Forest Guardians v. U.S. Forest Serv.*, 495 F.3d 1162, 1170 (10th Cir. 2007) ("Agency decisions must be based on substantial evidence, which is evidence sufficient to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion to be drawn is one of fact." (citation modified)).

[50] AR 27-30.

[51] *Lax*, 489 F.3d at 1084 (stating that the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo" (citation modified)).

## ORDER

For the reasons stated above, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of October 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge
